BOHRINGER *et al.* v. EMPIRE MUTUAL LIFE INSURANCE COMPANY, appellant.

*Life insurance — application for policy not signed by applicant.*

The agent of a life insurance company received from J. a written application for a policy. Without the knowledge of J., the agent copied the application into the blanks of another company, of which he was also agent, and the second company issued a policy to J. upon such application. This company received from J. several premiums upon such policy. *Held*, in an action upon the policy by the representatives of J. after his death, that it was no defense that the application for the policy was not made or signed by J.

APPEAL from a judgment in favor of the plaintiff entered upon the report of a referee.

The action was brought upon a policy of life insurance issued by the defendant, the Empire Mutual Life Insurance Company of the city of New York, upon the life of Jacob Bohringer in favor of his wife and children, who are the plaintiffs herein. The opinion states the necessary facts.

*W. C. Whitney*, for appellant.

*A. Prentice*, for respondents.

TAPPEN, J. The defendant issued a policy on the life of Jacob Bohringer for $5,000, payable at his death to his wife and children, and this action is brought to recover the amount.

The defense is, first, that Bohringer never signed the application, but that his signature was affixed by Michael Hack, a canvassing agent of the defendant; and second, fraudulent concealment and misrepresentations by Bohringer when he submitted to an examination on which the application and policy were based.

This agent testifies: "Bohringer made application to me for life insurance, the application was filled out in the blank form of the Empire State Life Insurance Company, and he was also examined by two doctors, and about that time I changed from the Empire State to the Empire Mutual Life Insurance Company, and all the business that I could possibly take from the Empire State to the Empire Mutual, I did so. I got policies for every application I handed in there; I copied the application, this application from the application of the Empire State Life Insurance Company; Dr. Sewell, (the medical examiner) copied his certificate from the other application, which was just the same, and gave the date he examined Mr. Bohringer. He signed that." This application, so made up, the witness presented to the defendant.

Bohringer was no party to this copying process. The defendant acted upon it, took the premium, issued the policy, and received several subsequent premiums. The same witness further testifies that he took forty-five of these changed applications to the defendants at one time, and was congratulated on his success in getting so many applications at one time.

It further appears that after Bohringer's death, the defendant's officers found that the application and signature were written by one and the same hand, a fact that was patent to them when they first received it.

The defendant contends that the policy was based on the application, that it was not Bohringer's application, for want of his proper signature, and hence that the policy is void. It was conceded that there was no substantial difference in the two applications, and under the circumstances the defendant cannot take advantage of the act of its accredited agent to avoid the policy.

With respect to the other defense it is not made out by the testimony; on the contrary, the testimony as to Bohringer's condition, in respect to health and the diseases stated, justify the referee's conclusion in favor of the plaintiff. The judgment should be affirmed with costs.

*Judgment affirmed.*